UNITED STATES *v.* ALFORD.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

No. 983.  Argued April 28, 1927.—Decided May 16, 1927.

1. In the Act of June 25, 1910, providing that " whoever shall build a fire in or near any forest, timber, or other inflammable material upon the public domain, or upon any Indian reservation' . . . shall, before leaving said fire, totally extinguish the same; and whoever shall fail to do so shall " be punished, etc., the words " upon the public domain " are to be referred to the words immediately preceding, viz., " forest, timber, or other inflammable material," so that the statute applies where the fire is on private lands, but " near " to inflammable grass on the public domain.  P. 266.

2. The Act, so construed, is constitutional; for Congress may prohibit the doing of acts upon privately owned lands that imperil the publicly owned forests.  P. 267.

3. The word "near" is not too indefinite.  P. 267.

Reversed.

ERROR to a judgment of the District Court sustaining a demurrer to an indictment.

*Mr. R. W. Williams,* Solicitor, Department of Agriculture, with whom *Solicitor General Mitchell,* and *Messrs. Fred Lees,* and *H. H. Clarke* were on the brief, for the United States.

The statutory language is reasonably plain.  Where the words of a statute are susceptible of two constructions, the broader of which will carry out fully the evident legislative purpose, and the narrower will so unduly restrict its operation as to render it largely ineffective to accomplish that purpose, the construction should be adopted which will give full effect to the known intent of Congress in its enactment.  *Millard* v. *Roberts,* 202 U. S. 429. This evident legislative purpose can be subserved only if the statute be construed as prohibiting the leaving unextinguished of all fires which, by reason of being built in or near the timber on the public domain, constitute a menace thereto.  *United States* v. *Hartwell,* 6 Wall. 385; *Lau Ow Bew* v. *United States,* 144 U. S. 47; *Ash Sheep Co.* v. *United States,* 252 U. S. 159.

The application to the words of this statute of that construction which will effectuate the known legislative intent is not violative of the rule that criminal and penal statutes will be strictly construed.  *Ash Sheep Co.* v. *United States,* 252 U. S. 159; *United States* v. *Bowman,* 260 U. S. 94; *Johnson* v. *Southern Pacific Co.,* 196 U. S. 1; *United States* v. *Chemical Foundation,* 272 U. S. 1; *United States* v. *Wiltberger,* 5 Wheat. 76; *United States*

v. *Hartwell,* 6 Wall. 385; *United States* v. *Lacher,* 134 U. S. 624; *United States* v. *Corbett,* 215 U. S. 233.

It is clearly within the constitutional power of Congress to prohibit one from leaving unextinguished a fire built by him on private land, but near timber or other inflammable material, upon the public domain. *Hamilton* v. *Kentucky Distilleries Co.,* 251 U. S. 146; *Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196; *Brooks* v. *United States,* 267 U. S. 432; *Ex parte Siebold,* 100 U. S. 371; *Pensacola Telegraph Co.* v. *Western Union Tel. Co.,* 96 U. S. 1; *In re Neagle,* 135 U. S. 1; *United States* v. *Ferger,* 250 U. S. 199; *Camfield* v. *United States,* 167 U. S. 518; *McKelvey* v. *United States,* 260 U. S. 353; *Perley* v. *North Carolina,* 249 U. S. 510, and *United States* v. *Ramsey,* 271 U. S. 467.

No appearance for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

Alford was indicted for building a fire near inflammable grass and other inflammable material and timber situated upon the public domain of the United States, and for not extinguishing the same before leaving it, by reason of which the said grass and other material was burned. The count was demurred to on the ground that the statute concerned does not cover the building or leaving of fires at any place except upon a forest reservation, and that if it attempts to cover fires elsewhere it is unconstitutional and void. The District Court construed the statute in the same way and sustained the demurrer. A writ of error was taken by the United States.

By the Act of June 25, 1910, c. 431, § 6; 36 Stat. 855, 857, amending § 53 of the Penal Code of March 4, 1909, "Whoever shall build a fire in or near any forest, timber, or other inflammable material upon the public domain, or upon any Indian reservation, or lands belonging to or

occupied by any tribe of Indians under the authority of the United States, or upon any Indian allotment while the title to the same shall be held in trust by the Government, or while the same shall remain inalienable by the allottee without the consent of the United States, shall, before leaving · said fire, · totally extinguish the same; and whoever shall fail to do so shall be fined not more than one thousand dollars, or imprisoned not more than one year, or both." The Court read the words ' upon the public domain ' as qualifying the phrase ' whoever shall build a fire.' We are of opinion that this was error, and that ' upon the public domain,' should be referred to the words immediately preceding it: ' forest, timber, or other inflammable material.'—So interpreted, they make better English and better sense. The purpose of the Act is to prevent forest fires which have been one of the great economic misfortunes of the country. The danger depends upon the nearness of the fire, not upon the ownership of the land where it is built. It is said that the construction that we adopt has been followed by the Department of Justice and by a number of cases in the District Courts ever since the passage of the original Act of February 24, 1897, c. 313; 29 Stat. 594. We regard the meaning as too plain to be shaken, by the suggestion that criminal statutes are to be construed strictly. They also are to be construed with common sense.

The statute is constitutional. Congress may prohibit the doing of acts upon privately owned lands that imperil the publicly owned forests. *Camfield* v. *United States*, 167 U. S. 518. See *McKelvey* v. *United States*, 260 U. S. 353. The word ' near ' is not too indefinite. Taken in connection with the danger to be prevented it lays down a plain enough rule of conduct for anyone who seeks to obey the law.

*Judgment reversed.*