Argued March 26; affirmed April 30, 1940

## STATE *v.* FULLER

(101 P. (2d) 1010)

In Banc.

*Frank S. Sever* and *M. E. Tarshis,* both of Portland (James R. Bain, District Attorney, of Portland, on the brief), for appellant.

*Ralph B. Herzog* and *John F. Logan,* both of Portland, for respondent.

RAND, C. J.   The defendant was tried and convicted in the district court for Multnomah county upon an information charging him with the crime of having in his possession and operating a game of chance for profit in violation of chapter 492, Or. L. 1937, and was sentenced to pay a fine of $25.   From this judgment, he appealed to the circuit court where, by stipulation entered into between the district attorney and the attorney for the defendant, the state was permitted to amend the information and the defendant to withdraw his plea of "not guilty" and to demur to the amended information.   Pursuant to said stipulation, an amended information was filed and the defendant demurred thereto upon the ground that it did not state facts sufficient to constitute a crime.   The demurrer was sustained and a judgment was entered dismissing the information and discharging the defendant.   From this judgment, the state has appealed.

The charging part of the information, as amended, is as follows:

"That said W. R. Fuller on the 15th day of February, A. D. 1939, in the County of Multnomah, State of Oregon, then and there being, did then and there unlawfully and wilfully possess, display, operate and play a certain game of chance, to-wit, a certain machine designated and named 'Western Baseball 1939', a device similar to a pin ball game, a more particular description of which said machine is to this complainant unknown, for a profit, by then and there charging the sum of five cents as consideration for the play thereof;

said game having been played for amusement purposes only, and the player thereof not receiving any prize or award, irrespective of the result of the play of said game.''

Section 1 of chapter 492 defines the crime with which the defendant was charged as follows:

"Regardless of whether their operation requires an element of skill on the part of a player, all games of chance, such as slot machines, dart games, pin ball games, and/or similar devices or games, when operated or played for a profit, either in cash, merchandise or other article of value, hereby are declared unlawful, and their licensing, possession, display, operation or play hereby are prohibited.''

■■ The whole purpose of this statute is to prohibit the use of slot machines, dart games, pinball games and similar devices or games which are played for a prize given in the form of cash or merchandise to the winner who is to be determined by chance in consideration of moneys paid by the players of the game for the chance of winning the prize. The essential elements of these are prize, chance and consideration and, hence, they are lotteries and are prohibited by the constitution and statutes of this state. *State v. Schwemler,* 154 Or. 533, 60 P. (2d) 938, and *State v. Coats,* 158 Or. 102, 74 P. (2d) 1120, and authorities there cited.

■ The words ''similar devices or games'', as used in the statute, are qualified and restricted by the character of those which precede them. They are to be construed by the maxim *noscitur a sociis* and, when so construed, they do not include the machine or device described in the information.

The information alleges, in substance, that the defendant was the owner and operator of a game of chance consisting of a certain machine designated as ''Western

Baseball 1939", that this is similar to a pinball game, and that it was operated by the defendant-owner for a profit. The information then adds that this profit was a charge of five cents which was paid for the privilege of playing the game, that the game was played for amusement purposes only, and that no prize was given to the player regardless of how the game might terminate. As so described, this device or game, however it may be designated, lacked one of the essential elements of a lottery, namely: prize, and, hence, was not a lottery nor, so far as the information charges, was it ever played, or capable of being played, for any unlawful purpose, it being played merely for the amusement of the player.

It not being an unlawful game and it not being within the purview of the statute, the demurrer to the information was properly sustained and the defendant was properly discharged. The judgment appealed from is affirmed.

BEAN, J., not sitting.