Argued September 16, affirmed December 9, 1959

# STATE OF OREGON v. JOY
# STATE OF OREGON v. GILGUS
347 P. 2d 592

*Robert M. Christ,* Deputy District Attorney of Multnomah County, Portland, argued the cause for appellant. With him on the briefs were Leo Smith, District Attorney of Multnomah County, and Donal D. Sullivan, Deputy District Attorney of Multnomah County, and Charles E. Raymond, District Attorney of Multnomah County, Portland.

*Francis E. Harrington,* Portland, argued the cause and filed the brief for respondents.

ROSSMAN, J.

These are two appeals which have been consolidated by order of this court.

One of the two defendants-appellants, Charles George Joy, was indicted by the grand jury of Multnomah County for the crime of possessing and operating a nickel-in-the-slot machine in violation of ORS 167.535. To the indictment he filed a demurrer which, referring to the indictment, recited: "The facts stated do not constitute a crime." The demurrer was sustained.

The challenged indictment alleged that the defendant possessed and operated:

"* * * a nickel-in-the-slot machine, to-wit, one 'Bally Variety' pinball game, which said machine operated in a manner so that in exchange for a deposit therein of a coin there may be received at occasional intervals, depending upon chance, money, credit or other representatives of value or evidence of winning, to-wit, free plays, which free plays can be used to activate the said machine without the deposit of an additional coin, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The defendant-appellant Sam Gilgus was indicted by the grand jury of Multnomah County and was charged thereby with the crime of possessing and operating a nickel-in-the-slot machine in violation of ORS 167.535. To the indictment he filed a demurrer which, referring to the indictment, stated: "The facts stated do not constitute a crime." The demurrer was sustained.

The challenged indictment alleged that the defendant possessed and operated:

"* * * a nickel-in-the-slot machine, to-wit,

one 'Bally Broadway' pinball game, which said machine operated in a manner so that in exchange for a deposit therein of a coin there may be received at occasional intervals, depending upon chance, money, credit or other representatives of value or evidence of winning, to-wit, free plays, which may be deposited in said machine for further operation or play with the chance of winning or receiving additional money, credit or other representatives of value or evidence of winning, to-wit, free plays, * * *."

ORS 167.535 reads as follows:

"Any person, firm or corporation who possesses, sets up, conducts, maintains, operates, or is in control of the operation, either as owner, proprietor, lessee, employe or agent, or plays or uses any nickel-in-the-slot machine or other device of like character, which operates as described in this section and which may or may not indicate before the deposit of a coin what it will vend or dispense, shall be punished upon conviction by a fine of not less than $10 nor more than $100, and in default of payment of the fine shall be imprisoned in the county jail one day for each $2 thereof;

"(1) Upon deposit therein of a coin, slug, token or other thing representative of value, the machine may vend or dispense any merchandise, money, check, token, slug, credit or other representative of value or evidence of winning in varying quantities or values, depending upon chance.

"(2) In exchange for a deposit therein, there may be received at occasional or uncertain intervals or in varying quantities or value, from time to time, depending upon chance, any money, check, slug, token, credit or other representative of value or evidence of winning which:

"(a) May be exchanged or redeemed for anything of value.

"(b) May be deposited in such machine or device for further operation or play with the chance of winning or receiving additional merchandise,

money, check, token, slug, credit or other representative of value or evidence of winning."

In *McKee v. Walter Foster et al,* this day decided by us, we held that a pinball game machine which does not issue any tangible objects and which requires the deposit of none upon replay is not rendered unlawful by ORS 167.535 nor by any of our other statutes pertaining to the setting up of a lottery. The holding of that case controls the outcome of these two appeals. It follows that no error was committed by the rulings which sustained the demurrer.

The challenged judgments are free from error.

Affirmed.