Argued February 6, affirmed March 11, petition for rehearing
denied April 7, 1964

# STATE OF OREGON *v.* SOASEY

390 P. 2d 190

*Robert R. Carney,* Portland, argued the cause for appellant. With him on the briefs were Thomas S. Moore and Maguire, Shields, Morrison, Bailey & Kester.

*Vincent G. Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief were George Van Hoomissen, District Attorney and Charles J. Merten, Deputy District Attorney.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

LUSK, J.

The defendant was indicted for violation of ORS 167.555, relating to the possession or operation of games of chance. The charging part of the indictment reads:

> "The said MALCOLM SOASEY on or about the 14th day of May, A.D. 1963, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully possess, display and operate for a profit in money of the United States of America, a certain game of chance, to-wit, a pin ball game, which said pin ball game was then and there operated and played by one Rex Elliott for a cash prize, * * *."

Defendant was convicted in a trial before the court without a jury, was fined $50 and has appealed. He contends that the indictment fails to state facts constituting a crime and that the evidence is insufficient to support the judgment.

The only evidence was furnished by Rex Elliott (who is named in the indictment), a deputy sheriff for Multnomah county. He testified that on the evening of May 14, 1963, he was instructed "to attempt to knock a pinball machine over, to see whether or not I could get paid on one or not" and was given money by the sheriff's office for that purpose. He went to an establishment in Portland called the "Spare Room," where the defendant was tending bar. There was a pinball machine in the place. After drinking a few beers Elliott played the machine for ten cents a play. A box on the backboard of the machine registered the number of games won by the player. When this showed that he had won 40 games, Elliott asked the defendant if he would cash these games in for money. The defendant, as Elliott testified, "looked at the games and sent a barmaid or a girl that was serving drinks over to the machine to click the games off and he went to the cash register and brought me four one-dollar bills."

The objection to the sufficiency of the indictment—which was made for the first time on the trial—is that the pleading must, as held in *State v. Fuller,* 164 Or 383, 101 P2d 1010, disclose the three elements of a lottery, prize, consideration, and a chance, and that the first element, namely, a prize, is missing. More specifically, it is said that there is no allegation that "defendant awarded a prize."

ORS 167.555 reads:

"(1) Regardless of whether their operation requires an element of skill on the part of a player, all games of chance such as slot machines, dart games, pin ball games, or similar devices or games, when operated or played for a profit, either in cash, merchandise or other article of value, hereby

are declared unlawful, and their licensing is prohibited.

"(2) Any person who possesses, displays, operates or plays any such game or device is punishable upon conviction by a fine of not more than $250 or by imprisonment in the county jail for not more than 90 days.

"(3) All sheriffs, state or municipal police officers, constables and city or town marshals shall confiscate and, without delay, destroy all games possessed, displayed, operated or played in violation of subsection (1) of this section."

The indictment charges the crime substantially in the words of the statute, and the statute, as we said in *Barber v. Gladden,* 210 Or 46, 59, 298 P2d 986, 309 P2d 192, quoting the words of Mr. Justice Holmes, "lays down a plain enough rule of conduct for anyone who seeks to obey the law." *United States v. Alford,* 274 US 264, 71 L Ed 1040, 47 S Ct 597. That being so, the indictment is sufficient, *Barber v. Gladden,* supra; *State v. Molitor et ux,* 205 Or 698, 704, 289 P2d 1090; *State v. Chapin,* 74 Or 346, 351, 144 P 1187; *Bobel v. The People,* 173 Ill 19, 50 NE 322, 64 Am St Rep 64; 24 Am Jur 431, Gaming and Prize Contests § 48; id. at 432, § 49.

■ It was not necessary that the indictment allege that the defendant paid a prize. Defendant's reliance on *State v. Fuller,* supra, is misplaced. The indictment in that case was held insufficient because it alleged that a pinball game was played for amusement purposes only and the player received no prize or award irrespective of the result of the play; hence the indictment disclosed on its face that the element of prize was lacking. Nothing in the opinion supports the proposition that an indictment under ORS 167.555 is bad be-

cause it fails to allege that the player of the game received a prize. He might play for a prize and lose, and still the person who was in charge of the game would violate the statute if it is a machine the possession of which the statute makes unlawful. The indictment sufficiently described such a machine.

As to the claimed insufficiency of the evidence, it is said first that there is no sufficient proof that the machine was "a game of chance, to wit, a pinball machine" because it was not introduced in evidence. It was, however, adequately described by the witness Elliott so as to enable a person with rudimentary knowledge of such matters to determine its *modus operandi* and the purpose for which it was used. We have no doubt that the learned judge who tried the case was possessed of at least such rudimentary knowledge and that on the basis of the evidence he could, and did, properly find that the machine was a gambling device such as was alleged in the indictment. Next, it is said that there was no proof that the defendant either operated or played the machine. He was not charged with playing the machine. The statute is in the disjunctive—"any person who possesses, displays, operates or plays any such game  *  *  *." The indictment is in the conjunctive—the defendant did "possess, display and operate". Proof of any one of the acts charged was sufficient to make out the offense. *Daugharty v. Gladden,* 217 Or 567, 583-584, 341 P2d 1069, and cases there cited. The evidence shows that the defendant was in charge of the machine. He decided whether there should be a pay-off and made the payoff, and, in the sense of the statute, if he did not operate the machine, he displayed it and possessed it. *Donald v. United States,* 102 F2d 618 (cf. *Nelson v. United States,* 28 App D C 32, 36); *State v. O'Neal*

*et al,* 210 SC 305, 315, 42 SE2d 523; *State v. Harbourne,* 70 Conn 484, 40 A 179, 66 Am St Rep 126, 40 LRA 607; *Stevens v. The People,* 67 Ill 587.

■ Finally, it is argued that the statute does not apply to employees. There is no evidence that the defendant was an employee. For all that appears, he may have been the owner of the Spare Room and the machine; but even though he was an employee, the statute applied to him. He was a "person" who possessed and displayed the machine and thereby violated the law. *State v. Williams* (Mo) 273 SW 1069, 1071; *State v. O'Neal et al,* supra; *Commonwealth v. Carr,* 137 Pa Super 546, 554, 10 A2d 133; 24 Am Jur 429, Gaming and Prize Contests § 44.

The judgment is affirmed.