Argued May 5, reversed May 24, petition for rehearing
denied June 20, 1967

## STATE OF OREGON, *Appellant, v.* LOIS RAE KATZBERG, *Respondent.*

428 P. 2d 170

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the brief was George Van Hoomissen, District Attorney, Portland.

*Francis E. Harrington,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

Defendant was convicted of operating a coin-operated device which was a game of chance. The trial court granted defendant's motion for arrest of judgment. The state appeals.

A motion for arrest of judgment tests whether the indictment states facts constituting a crime. ORS 136.810, 135.630. *State v. Foster,* 229 Or 293, 366 P2d 896 (1961).

The indictment read:

"LOIS RAE KASBURG [sic] is accused by the Grand Jury * * * of the crime of OPERATING A GAME OF CHANCE committed as follows:
"The said LOIS RAE KASBURG [sic] * * * did unlawfully possess, display, and operate for a profit in money of the United States of America, a certain game of chance, to-wit, a coin operated device resembling a stamp dispensing machine, which said device was operated and played by one Polly Doherty for a cash prize, * * *."

The statute provides:

"Regardless of whether their operation requires an element of skill on the part of a player, all games of chance such as slot machines, dart games, pin ball games, or similar devices or games, when operated or played for a profit, either in cash, merchandise or other article of value, hereby are declared unlawful, and their licensing is prohibited." ORS 167.555(1).

In *State v. Fuller,* 164 Or 383, 101 P2d 1010 (1940), this same statute, in form legally identical to its pres-

ent form, was construed. The indictment there alleged that the pinball machine was operated for profit, i.e., for a charge of five cents, but for amusement only, and the player received no prize. We held that the indictment did not charge a crime under the statute because the statute only banned games played for a prize and that element was lacking in the indictment. We stated:

> "The words 'similar devices or games' as used in the statute, are qualified and restricted by the character of those which precede them. They are to be construed by the maxim *noscitur a sociis* and, when so construed, they do not include the machine or device described in the information." 164 Or at 385.

The issue here is whether the device described in the indictment is a device similar to a slot machine, or, more narrowly, stated, is a coin-operated device resembling a stamp dispensing machine similar to a slot machine so as to be prohibited by ORS 167.555?

The defendant states the issue: "* * * [W]hether, when a common vending machine, without any change in its mechanism or appearance, is used for gambling, the machine itself becomes a proscribed gambling device subject to destruction because it has been used for gambling and its possessor can be convicted of having possession of an unlawful game of chance."

We understand defendant's basic contention to be that a "coin operated device resembling a stamp dispensing machine" cannot be a device similar to a slot machine because a slot machine has "features incorporated in and inherent to" which determine whether the player will win, and how much, whereas, a machine resembling a stamp dispensing machine does not have such inherent features and the winning or losing is

dependent upon something not inherent in the machine's mechanism.

We are at a disadvantage because while the testimony described in detail how the machine works, we are restricted to a consideration of the allegations in the indictment as the problem here arose upon the granting of a motion in arrest of judgment.

■ We hold that an indictment charging the operation of a game of chance which is a coin-operated device resembling a stamp dispensing machine charges the crime of operating a device similar to a slot machine contrary to ORS 167.555.

■ The device is coin-operated which is similar to the operation of a slot machine. We can take sufficient judicial notice of the details of stamp dispensing machines to judicially know that such machines return something after a coin is inserted, a characteristic of a slot machine. It is designated in the indictment as "a game of chance"; therefore, we know that either it does not return something each time a coin is inserted, or the amount or value of the item returned is not the same on each play. This feature is also like a slot machine.

We agree with the defendant that as the device is described as resembling a stamp dispensing machine, the "chance" or "gambling" aspect of the device is probably not an inherent part of the device, but must be found in the nature of the item dispensed. However, this does not in our opinion destroy the similarity of the machine described in the indictment to a slot machine.

The imagination of the manufacturers of coin-operated gambling devices in attempting to circumvent criminal statutes has produced a wealth of judicial

decisions on the definition of a "slot machine" or "similar device." Two of such decisions in accord with our views are *Crippen v. Mint Sales Co.,* 139 Miss 87, 103 S 503 (1925), and *People v. Axelrod,* 130 NY Supp 2d 301 (1954).

In the former case a statute prohibited the operation of any "slot machine or similar device." "[A]utomatic vending machines which indicate in advance what the purchaser is to receive on each operation of the machine" were excepted from the prohibiting statute. 139 Miss at 99. The device in issue was operated by placing a nickel in a slot and pulling a handle. A small package of mints came out and on occasion a variable amount of "trade checks" which could be exchanged for five cents each. The machine also indicated on each occasion how many trade checks would be received on the next play. The court held the machine was "a slot machine or similar device." It pointed out that while the machine indicated in advance what the purchaser is to receive, it only indicated what was to be received on the next play, and not on plays thereafter, and that it introduced the gambling feature.

In the New York case the defendant was charged with maintaining a slot machine. The machine was described as being similar to the common peanut vending machines. Instead of peanuts in the glass or plastic bowl, there were trinkets. When a nickel was inserted and the handle turned, trinkets came out of one of three apertures of varying sizes. Because of the varying sizes of the apertures, on some occasions a large amount of trinkets would be received and on others, a small amount. This device was held to be a slot machine.

Reversed.