Argued July 28, reversed and remanded with instructions
August 25, petition for rehearing denied September 19,
petition for review denied October 25, 1972

SMITH ET AL, *Appellants, v.* ONE SUPER WILD
CAT CONSOLE MACHINE ET AL, *Respondents.*

500 P2d 498

*R. P. Smith,* District Attorney, Pendleton, argued the cause and filed the briefs for appellants.

*Leo Levenson,* Portland, argued the cause for respondents. With him on the brief were Kottkamp & O'Rourke, Pendleton.

Before SCHWAB, Chief Judge, and FORT and HOLMAN, Judges.

## FORT, J.

This suit is in the nature of an *in rem*[1] proceeding to declare certain described game machines confiscated under former ORS 167.555, and ordering their destruction by the sheriff of Umatilla County and delivery of any coins taken therefrom to the county treasurer. R. Whitey Schroth, the alleged owner of the machines, was named as a defendant. He demurred to the second amended complaint on the ground it fails to state a cause of action and further that "ORS 167.555(1)(2)(3) is null and void and inapplicable to defendant Schroth, in that it deprives him of his property without due process of law" contrary to both the United States and state constitutions. The court sustained the demurrer on the ground "the allegations * * * did not disclose that the machines were per se unlawful and thus subject to forfeiture" and dismissed the complaint. Plaintiffs appeal.

---

[1] State v. 1920 Studebaker Touring Car, 120 Or 254, 251 P 701, 50 ALR 81 (1926).

Former ORS 167.555 provided:

"(1) Regardless of whether their operation requires an element of skill on the part of a player, all games of chance such as slot machines, dart games, pin ball games, or similar devices or games, when operated or played for a profit, either in cash, merchandise or other article of value, hereby are declared unlawful, and their licensing is prohibited.

"(2) Any person who possesses, displays, operates or plays any such game or device is punishable upon conviction by a fine of not more than $250 or by imprisonment in the county jail for not more than 90 days.

"(3) All sheriffs, state or municipal police officers, constables and city or town marshals shall confiscate and, without delay, destroy all games possessed, displayed, operated or played in violation of subsection (1) of this section."

The first question presented, then, is whether a lawful game of chance machine if operated or played for a profit or for cash is subject to forfeiture and destruction under the statute.

In *State v. Soasey*, 237 Or 167, 390 P2d 190 (1964), the Supreme Court upheld the validity of an indictment brought against a person who did "* * * unlawfully possess, display and operate for a profit in money * * * a certain game of chance, to-wit, a pin ball game * * *."

The court pointed out:

"* * * The statute is in the disjunctive—'any person who possesses, displays, operates or plays any such game * * *.' The indictment is in the conjunctive—the defendant did 'possess, display and operate'. Proof of any of the acts charged was sufficient to make out the offense. *Daugharty v. Gladden*, 217 Or 567, 583-584, 341 P2d 1069, and cases there cited. The evidence shows that the de-

fendant was in charge of the machine. He decided whether there should be a pay-off and made the pay-off, and, in the sense of the statute, if he did not operate the machine, he displayed it and possessed it. [Citations omitted.]" 237 Or at 171.

■ We think it is the use of a described machine in violation of the statute which is proscribed. It is not required that a machine be unlawful per se to bring it within the act.

The respondent relies on *McKee v. Foster*, 219 Or 322, 347 P2d 585 (1959), and *State v. Joy; State v. Gilgus*, 219 Or 338, 347 P2d 592 (1959). Those cases stand for the proposition that free-play pinball machines are not gambling machines per se. Those cases we think support our conclusion that it is the use of the machine for cash or profit in violation of the statute which it proscribes.

The defendant urges that the complaint is defective because it failed to allege a prior conviction under former ORS 167.555(2), as required in forfeiture proceedings at common law. Annotation, 3 ALR2d 738, 740 (1949). That annotation, however, then points out:

"In this country, however, forfeiture exists only by virtue of statute; and it is generally recognized that where a statute merely provides for a proceeding in rem for the forfeiture of illicit goods or property used in connection therewith or in connection with a statutory violation, and the forfeiture statute does not expressly or impliedly provide for a prior conviction of the individual offender, such a conviction is not a prerequisite to the forfeiture. In most cases this proposition has been assumed by the courts, the only concern being whether the particular wording or phrasing of the forfeiture statute requires a prior conviction. * * *" 3 ALR2d at 740-41.

■ Nothing in this statute requires or permits a conclusion that a prior conviction must be alleged or proved in connection with a forfeiture procedure thereunder.

We turn now to the constitutional challenge asserted by the demurrer.

The rule generally deducible from the cases is set forth in Annotation, 14 ALR3d 366 (1967), entitled "Constitutionality of Statutes Providing for Destruction of Gambling Devices," as follows:

"* * * [T]he crucial question for determining whether a statute providing for the destruction of gambling devices is constitutional, in the light of the due process guaranties of the federal and various state constitutions, appears to be whether, either through the language of the statute *or the way in which it was applied in the particular case,* there were reasonable safeguards that property which did not fall within the condemnation of the statute would not be destroyed. If such safeguards are shown, the statute is not violative of due process, or, at least, its application under the particular facts was not so violative; if such safeguards are lacking, the reverse is true. * * *" (Emphasis supplied.) 14 ALR3d at 370.

The plaintiffs concede that former ORS 167.555 does not itself conform to the requirements of due process. This is obviously correct since that statute, standing alone, provides no opportunity for hearing and contains no provision for notice to the owner of the devices.

■ However, this is a separate suit brought independently to enforce against the alleged owner of the machines the directive of former ORS 167.555(3) which provided that law enforcement officers "shall confis-

cate and, without delay, destroy" game machines "operated or played * * * in violation of subsection (1) of this section."

Defendant does not point to any violation of due process requirements so far as this case is concerned. Indeed the procedure here followed by the plaintiffs to carry out the mandate of former ORS 167.555(3) is for the purpose of assuring to the alleged owner that there shall be no infringement of the rights guaranteed to him under the due process clause. The very purpose of the suit is to secure a judicial determination of the rights of the defendant with respect to the named machines. By this suit the defendant is guaranteed his day in court under procedures fully complying with constitutional mandates. Cases cited by respondent where no judicial proceedings were afforded owners of confiscated property prior to their forfeiture and destruction are not in point.

Reversed and remanded with instructions to overrule the demurrer.