**UNITED STATES of America,**
**Appellant,**

v.

**Benjamin Scott LINDSEY and Thomas**
**E. Lindsey, Appellees.**

**No. 78–1036.**

United States Court of Appeals,
Ninth Circuit.

April 11, 1979.

* For the Western District of Washington.

**6**

Warren S. Derbidge, Asst. U. S. Atty., Boise, Idaho, for appellant.

Robert F. Moore, Boise, Idaho, for appellees.

Before BROWNING and MERRILL, Circuit Judges, and BURNS,* District Judge.

PER CURIAM.

While rafting down the Snake River in Idaho, appellees camped and built a campfire. The campsite was on a portion of the river that is surrounded by national forests—Nez Perce National Forest to the east, and the Wallowa-Whitman National Forest to the west—and that comprises a part of the Hells Canyon National Recreational Area and has been designated a part of the Wild and Scenic River System created by 16 U.S.C. § 1271. Appellees were charged with violating regulations issued by the Secretary of Agriculture in camping and building a fire without permits.[1]

The campsite was located on dry land below the river's high water mark and, therefore, was legally on the river bed, title to which is held by the State of Idaho. On motion of appellees the district court dismissed the complaint on the ground that the alleged activities occurred on state property beyond the jurisdiction of the United States. This appeal by the Government followed. We reverse.

The fact that title to the land on which the violations occurred was in the state of Idaho does not deprive the United States of regulatory control over appellees' conduct. Article IV, Section 3, Clause 2 of the United States Constitution provides in part:

> The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States.

It is well established that this clause grants to the United States power to regulate conduct on non-federal land when reasonably necessary to protect adjacent federal property or navigable waters.

In *United States v. Alford,* 274 U.S. 264, 47 S.Ct. 597, 71 L.Ed. 1040 (1926) the Court dealt with an act regulating the building of fires near inflammable material on the public domain. Mr. Justice Holmes, writing for the Court, stated "the purpose of the Act is to prevent forest fires which have been one of the great economic misfortunes of the country. The danger depends upon the nearness of the fire not upon the ownership of the land . . ." 274 U.S. at 267, 47 S.Ct. at 598. Responding to a challenge to the Act's constitutionality the Court held "[t]he statute is constitutional. Congress may prohibit the doing of acts upon privately owned lands that imperil the publicly owned forests." *Id.*

In *Kleppe v. New Mexico,* 426 U.S. 529, 538, 96 S.Ct. 2285, 2291, 49 L.Ed.2d 34 (1976) the Court noted that the "power granted by the Property Clause is broad enough to reach beyond territorial limits."

---

* Honorable James M. Burns, District Judge, United States District Court for the District of Oregon, sitting by designation.

1. The regulations were issued pursuant to 16 U.S.C. § 551 respecting the National Forest System, 16 U.S.C. § 460gg respecting the Hells Canyon National Recreation Area and 16 U.S.C. § 1271 respecting the Wild and Scenic River System. 36 CFR, § 261.1(c) authorizes promulgation of regulations applicable to activities occurring in a national forest and to "an act or omission [that] affects, threatens or endangers property of the United States administrated by the Forest Service." 36 CFR, § 261.-52(a) prohibits using a campfire without permit. Section 261.58(e) prohibits camping without permit.

Reversed and remanded for further proceedings.