**UNITED STATES of America**

**v.**

**Jeffrey JERGE.**

**Crim. No. 90–00132–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

June 6, 1990.

Keith A. Palzer, Sp. Asst. U.S. Atty., Alexandria, Va., for plaintiff.

R. Stanley Powell, Alexandria, Va., for defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This appeal questions the extent to which a citizen, stopped for suspicion of driving while under the influence of alcohol, has the right to choose, pursuant to 18 U.S.C.

§ 3117, the form of chemical test to be administered by a police officer.[1]

## I

On January 14, 1990, the defendant, Jeffrey Jerge ("Jerge"), was arrested for driving under the influence of alcohol. A criminal information was filed on January 19, 1990 charging him with (1) executing a prohibited U-turn in violation of 18 U.S.C. § 13 (assimilating Section 46.2–845 of the Virginia Code); (2) driving under the influence of alcohol in violation of 18 U.S.C. § 13 (assimilating Section 18.2–266 of the Virginia Code); and (3) refusing to consent to a breath test in violation of 18 U.S.C. § 3117.

Trial was conducted on April 9, 1990, at the conclusion of which the magistrate acquitted the defendant on the charges of executing a prohibited U-turn and driving under the influence. The defendant was found guilty, however, of refusing to consent to a breath test, and an Order was entered denying him the privilege to operate a motor vehicle within the special maritime and territorial jurisdiction of the United States until January 4, 1991.

Pursuant to a stipulation of facts entered by the parties for purposes of this appeal, the events relevant to this case occurred as follows:

On January 14, 1990, at approximately 3:00 a.m., the defendant was operating a 1989 Ford, two-door automobile with Virginia plates on the Marine Corps Combat Development Command base at Quantico, Virginia. This military base is located in the Eastern District of Virginia and is within the special maritime and territorial jurisdiction of the United States.

The defendant was stopped by a military policeman after making a U-turn across double yellow lines. After failing to properly perform several field sobriety tests, the defendant was arrested for driving under the influence of alcohol and was transported to a military police station.

At the station, the defendant was read 18 U.S.C. § 3117 which requires all drivers in the special maritime and territorial jurisdiction of the United States to submit a chemical test if arrested for drunk driving. The defendant demanded a blood test. The military police attempted to arrange for a blood test to be given; however, at that time, a blood test was not available at the base. The defendant was then informed that only a breath test would be offered. The defendant refused the breath test, indicating he would only allow a blood test to be taken. He was then charged with refusing to submit to a chemical test as required by § 3117.

The defendant argues that under 18 U.S.C. § 3117, he, not the attending police officer, has the right to choose which type of chemical test—blood, breath, or urine—will be administered. Having elected to submit to a blood test, the defendant contends that his subsequent refusal to take a breath test does not constitute a violation of § 3117.

---

1. § 3117. Implied consent for certain tests.
    (a) Consent.—Whoever operates a motor vehicle in the special maritime and territorial jurisdiction of the United States consents thereby to a chemical test or tests of such person's blood, breath, or urine, if arrested for any offense arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. The test or tests shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving a motor vehicle upon the special maritime and territorial jurisdiction of the United States while under the influence of drugs, or alcohol in violation of the laws of a State, territory, possession or district.
    (b) Effect of Refusal.—Whoever, having consented to a test or tests by reason of subsection (a), refuses to submit to such a test or tests,

after having first been advised of the consequences of such a refusal, shall be denied the privilege of operating a motor vehicle upon the special maritime and territorial jurisdiction of the United States during the period of a year commencing on the date of arrest upon which such test or tests was refused, and such refusal may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. Any person who operates a motor vehicle in the special maritime and territorial jurisdiction of the United States after having been denied such privilege under this subsection shall be treated for the purposes of any civil or criminal proceedings arising out of such operation as operating such vehicle without a license to do so.

## II

In all cases of conviction by a United States magistrate, an appeal of right shall lie from the magistrate's judgment to a judge of the district court. 18 U.S.C. § 3402. An appeal from a judgment of conviction by a magistrate, which, if made by a district court judge, could be appealed by the government or the defendant under any provision of law, shall be appealable to the district court provided such appeal is taken within 10 days of the magistrate's decision. Rule 7(b), Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates. The defendant shall not be entitled to a trial *de novo* by the district court. The scope of the appeal shall be the same as on an appeal from a judgment of the district court to the court of appeals. Rule 7(e), Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates.

■ In reviewing a decision by a United States Magistrate, a district court must determine whether the evidence supports the finding of guilt beyond a reasonable doubt. On appeal, the district court must determine "whether the finding by the Magistrate is supported by adequate evidence." *United States v. Fletcher*, 344 F.Supp. 332, 335 (E.D.Va.1972). In addition, the district court is "obliged to accept the findings of fact of the magistrate unless such findings are clearly erroneous." *United States v. Harris*, 381 F.Supp. 1095, 1097 (E.D.Pa.1974). "On appeal, evidence is sufficient to sustain a guilty verdict if, construed most favorably to the prosecution, the evidence furnished the trial court sufficient basis to find the defendant guilty beyond a reasonable doubt." *United States v. Williams*, 405 F.2d 14, 17 (4th Cir.1968). In sum, it is the function of this court to determine on appeal whether the magistrate's decision is supported by adequate evidence and is not clearly erroneous.

■ In the interpretation of statutes, the legislative will is the all-important or controlling factor. Accordingly, the primary rule of statutory construction is to ascertain and declare the intention of the legisla-

ture and to carry such intention into effect to the fullest degree. 73 Am.Jur.2d, Statutes, § 145. The interpretation of a statute begins with the language of the statute. *Mallard v. United States District Court for the Southern District of Iowa,* — U.S. ——, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989).

> Statutory construction properly begins with examination of the literal language of a statute, *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), and it properly ends there unless the language is ambiguous, *id.,* or would, as literally read, contravene a clearly expressed legislative intention. *Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983).

*United States v. Harvey,* 814 F.2d 905, 913 (4th Cir.1987).

■ As a criminal statute, 18 U.S.C. § 3117 should be strictly construed. *United States v. Giles,* 300 U.S. 41, 57 S.Ct. 340, 81 L.Ed. 493, *reh. denied,* 300 U.S. 687, 57 S.Ct. 505, 81 L.Ed. 888 (1937). Strict construction of a penal statute, however, must not prevent the court from applying the statute in a reasonable manner. *United States v. Alford,* 274 U.S. 264, 47 S.Ct. 597, 71 L.Ed. 1040 (1927).

■ 18 U.S.C. § 3117, referred to as the implied consent law, decrees that any operator of a motor vehicle within the statute's jurisdiction "consents thereby to a chemical test or tests of such person's blood, breath, or urine" if arrested "for any offense arising from such person's driving while under the influence of a drug or alcohol." Defendant contends this statute is ambiguous because it fails to establish whether the selection of the test to be administered shall be at the option of the accused or a law enforcement officer. The basis of this contention rests on the fact that § 3117 provides no detailed procedures for administering the various tests.

To further amplify the alleged vagueness of this statute, the defendant asks the court to compare § 3117 with Virginia's implied consent law, Va.Code § 18.2–268. The Virginia law provides considerably

more detail on all aspects of testing the blood alcohol levels of persons arrested on charges of drunk driving. As defendant concedes, the Virginia statute should not be relied upon by this court to alter or expand § 3117. *United States v. O'Byrne*, 423 F.Supp. 588, 590 (E.D.Va.1973). Despite this concession, the defendant proceeds to rely almost exclusively on the differences between § 3117 and § 18.2–268 in arguing that § 3117 permits the accused to elect the type of test to be administered. A review of § 18.2–268, however, indicates that, despite its greater detail, it is not inconsistent with the magistrate's application of § 3117 in this case. Although § 18.2–268 permits the accused to elect between a breath or blood test, if the chosen test is unavailable, then the available test must be taken. "[I]t shall not be a matter of defense if the blood test or the breath test is not available." Va.Code § 18.2–268(C). Therefore, even under the procedures imposed by Virginia law, once the military police discovered that the elected blood test was unavailable, Jerge would still have been required to submit to whatever test was then available.

The court does not feel that a plain reading of the statute supports the defendant's assertion of vagueness. As noted, if the statute is not ambiguous in meaning, then the language of the statute controls its construction.[2] Section 3117(a) states that a motor vehicle operator consents "to a chemical test or tests of such person's blood, breath, or urine" if arrested for drunk driving. The language employed is all encompassing and requires the accused to submit to any or all of the tests listed. The statute goes on to state that the "test or tests shall be administered *upon the request* of a police officer." (Emphasis added.) This language indicates that the officer, not the accused, is to determine which of the tests is to be employed. This interpretation is further strengthened by § 3117(b) which states that "[w]hoever, having consented to a test or tests by reason of subsection (a), refuses to submit to such a test or tests ... shall be denied the

privilege of operating a motor vehicle...." This language is also all inclusive and indicates that a refusal to submit to any one of the three tests offered will constitute a violation of the statute.

The statute's use of the term "test or tests" clearly contravenes the defendant's position that, to satisfy the statute, the accused need submit to only one of the three tests. On the contrary, the statute's terms imply consent to all three types of tests. An officer could thus require an accused to take all three of the tests, and a refusal to take any one would constitute a violation of § 3117.

█ In the present case, the officers attempted to comply with the defendant's request to take a blood test but were unable to arrange for the test to be conducted on the base. The officers then acted within their authority in requiring the defendant to submit to a breath test. Defendant Jerge's refusal to submit to the breath test, regardless of the availability of a blood test, constituted a violation of § 3117.

The decision of the Magistrate is AFFIRMED. An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED:

(1) that the Defendant's Appeal to the United States District Court for the Eastern District of Virginia From the Decision of the United States Magistrate is DENIED, and the judgment of conviction entered by the Honorable Curtis W. Sewell, United States Magistrate, on April 9, 1990 shall be and the same hereby is AFFIRMED;

(2) that the Clerk shall forward copies of this Order together with the Memorandum Opinion to all counsel of record.

---

**2.** Although it is not necessary to look to the legislative history when, as here, the intent of the statute is plainly conveyed by its language, it should be noted that no legislative history of § 3117 is available to assist the court in its analysis.