## THE STATE OF OREGON, APPELLANT, v. ALFRED CARR, RESPONDENT.

INDICTMENT DOES NOT CHARGE MORE THAN ONE CRIME, WHEN.—When the statute makes the commission of different acts a crime, and such acts are stated disjunctively in the statute, the indictment may, as a general rule, embrace the whole in a single count, but it must use the conjunctive "and" when "or" occurs, else it will be defective for uncertainty.

IDEM—WHAT EVIDENCE WILL SUPPORT.—Dealing and playing and carrying on a "game of faro," at one sitting, and between the same parties, constitute but one offense, and an indictment therefore is supported when the commission of one of such acts, conjunctively stated, is proven.

STATUTE—SUFFICIENT DESCRIPTION OF OFFENSE IN.—It is not necessary to the validity of a statute that it shall describe the manner in which the prohibited game is played. It is sufficient if the game is described by name.

DESCRIPTION IN INDICTMENT.—In an indictment for carrying on a game of faro, the indictment is sufficient if it is as explicit in describing the offense as the statute is which creates it.

STATUTORY CONSTRUCTION—SECTION 11 OF THE GAMBLING ACT CONSTRUED.—The act of 1876, to prevent and punish gambling, makes gambling a misdemeanor punishable by fine and imprisonment until such fine is paid. Section 11 of the same act provides that all fines and forfeitures under the act shall be recovered by "an action at law," to be brought in the name of the state: *Held*, that a proceeding by indictment is an action at law, within the meaning of this section.

APPEAL from Multnomah County.

The respondent was indicted in the circuit court for Multnomah county, under the gambling act, for dealing, playing and carrying on, as proprietor, a game of faro. The charging part of the indictment is as follows: The said Alfred Carr, on the thirtieth day of October, A. D. 1876, in the county of Multnomah, and state of Oregon, and at divers times between that time and the finding of this indictment, in the county and state aforesaid, did willfully and unlawfully deal, play and carry on, as the proprietor thereof, a game of faro, a banking game, played with cards for money and checks as representatives of money and value.

The respondent demurred to the indictment upon the grounds: 1. That it did not state facts sufficient to constitute a crime; 2. That it charged more than one crime.

The court sustained the demurrer, and the state appealed.

*Raleigh Stott, Prosecuting Attorney, and C. A. Ball,* for appellant.

*J. C. Moreland and T. A. McBride,* for respondent.

By the Court, BOISE, J.:

In considering the questions presented by these demurrers we will dispose of them in their reverse order. The Criminal Code provides (page 350, section 74) as follows: "The indictment must charge but one crime, and in one form only, except that when the crime may be committed by the use of different means, the indictment may allege the means in the alternative." When the statute makes it a crime to do this or that, mentioning several things disjunctively, the indictment may, as a general rule, embrace the whole in a single count, but it must use the conjunctive " and " where " or " occurs in the statute, else it will be defective for uncertainty. (1 Bishop Crim. Pro., sec. 586; 14 Cal. 566;. 15 Mass. 273; 15 Pick. 275; 6 Black. Ind. 109.) True, the offense is committed by dealing or playing, but we apprehend that dealing and playing and carrying on a "game of faro" all at the same time and at one sitting, and between the same parties, would constitute but one offense; and such an indictment

may be supported by showing that the defendant has done one of these things. We think, therefore, that the indictment is not defective in this respect.

In support of the other objection, that the indictment does not state the facts sufficient to constitute a crime, it is claimed by the respondent that the act of 1876, under which this indictment is found is uncertain and void; and it becomes our duty to construe this statute. The language of the statute on which this indictment is drawn is as follows: "Each and every person who shall deal, play, or carry on any game of faro," etc. It is contended that the word "faro" is of too general a meaning to describe a crime; that the statute should have described how the game of faro was played. We think this designation of the game by name is sufficient. The case of the *State* v. *Mann*, 2 Or. 238, is relied on as an authority. But that case is not in point, for there it was held that the statute was uncertain for the reason that no game was named. (1 Bishop Crim. Pro., sec. 586.) It is also contended that if the statute is sufficiently explicit, the indictment is not; that it should set out the facts which constitute the game, that the court may judge whether the facts constitute a game of faro. We think that the indictment being as explicit in describing the offense as the statute which creates it, it is sufficient in a case like this.

In *Commonwealth* v. *Welsh*, 5 Gray, 324, Judge Metcalf states the rule as follows: "A charge in an indictment may be made in the words of the statute without a particular statement of facts and circumstances, when by using these words the act in which an offense consists is fully, directly and expressly alleged without any uncertainty or ambiguity." In this case the statute states what acts shall constitute the offense, and the statements of those acts in the indictment show to the court that the offense has been committed. The indictment must state the acts necessary to be proved. In this case a witness may be called, and if he swears that respondent dealt and played at faro, then the crime is proved as alleged, and these are all the acts necessary to constitute the crime.

There is still another objection urged, and that is that the penalty as provided for in the act of 1876 must be recovered by an action, as provided by section 11 of the said act. In construing an act of the legislature it is a rule to consider all its provisions, and so construe each section as to give effect to the whole if this can be done. It is a rule also that an act shall be so construed as to accomplish the object for which it was enacted. A law should never be so construed as to defeat its intent. (Smith on Construction of Statutes, p. 671, sec. 527.)

This act was passed to prevent and punish gambling. The first section defines the offense, and then says that the person committing the offense "shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars, and shall be imprisoned in the county jail until such fine and costs are paid." This section provides a mode of enforcing the penalty which is by indictment and conviction under the code of criminal procedure, and the remedy is complete by virtue of this section, unless the same is qualified and weakened by section 11 of the same act, which is as follows: "All fines and forfeitures under the provisions of this act shall be recovered by an action at law to be brought in the name of the state of Oregon. We think the counsel may have misapprehended the meaning of this section and thought that the words "action at law" meant civil action at law, but such is not the necessary signification of these words. A proceeding by indictment is an action at law. The criminal code, p. 349, sec. 67, provides that "all forms of pleadings in criminal actions heretofore existing are abolished," and that "hereafter the forms of pleading and the rules by which the sufficiency of pleadings is to be determined" are those prescribed by the code. Section 68 provides that the first pleading in each action on the part of the state shall be the indictment. By the code all criminal actions are in the name of the state as plaintiff (Criminal Code, p. 349, sec. 69, 70), and the provisions of section 11 of this act are not inconsistent with these provisions of the code or of section 1 of this act, and this view not only

makes the act consistent with itself but also with the code of criminal procedure. Section 11 simply provides what shall be done with the fines and forfeitures that shall be recovered for violations of the provisions of the act, and perhaps for the recovery of such forfeitures as are not to be recovered by indictment. This disposes of the various questions submitted in this case, and from the views above expressed we think there is error in the judgment of the circuit court, and that the same should be reversed and the cause remanded to the court below for further proceedings.