Submitted on record and briefs June 19, affirmed July 31, 1996

GRANT COUNTY, OREGON,
a body politic existing under the
Constitution and laws of the State of Oregon,
*Respondent,*

*v.*

ARCANUM INSTITUTE, INC.,
an Oregon corporation;
Thom Seal, an individual,
*Appellants,*

*and*

DIVERSIFIED ENERGY, INC.,
an Oregon corporation;
Johnathon M. Seal, an individual;
and any and all persons unknown claiming
any right, title or interest in and to the
real property hereinafter described,
*Defendants.*

(92-08-290 CV; CA A89959)

921 P2d 414

Gregory T. Day filed the briefs for appellants.

Edward M. Holpuch, Jr., Grant County Counsel, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendants Arcanum Institute and Seal appeal, assigning error to the trial court's dismissal of one of plaintiff's claims after a full trial on the merits.[1] ORCP 54 B(2). We affirm.

■    Grant County (plaintiff) brought this action, seeking a declaration that the "Standard Creek Road" over defendants' property was a public road, and further seeking an injunction restraining defendants from blocking that road. Plaintiff's complaint alleged four causes of action: a statutory right-of-way pursuant to *former* 43 USC § 932;[2] express grant of right-of-way; public road by prescription; and implied dedication. The case was tried to the court and, at the close of plaintiff's evidence, defendants moved for a "directed verdict"[3] against all four causes of action. The court denied that motion. However, from the record designated on appeal, which does not include a transcript of the court's ruling, we cannot discern the basis for that denial. In particular, we cannot tell if the court, in denying the motion, did so as an interim matter, deferring its ultimate ruling until the close of all evidence. Thereafter, at the close of all evidence and without an express renewal of defendants' motion, the court granted a "directed verdict" as to the second, third, and fourth causes of action, but dismissed plaintiff's first cause of action without prejudice, under ORCP 54 B(2).

ORCP 54 B(2) provides, in material part:

---

[1] Although other parties appeared as defendants in the circuit court, they did not appeal.

[2] *Former* 43 USC § 932, which was enacted in 1866, provided:

"The right-of-way for the construction of highways over public lands, not reserved for pubic uses, is hereby granted."

That statute was repealed in 1976 by section 706(a) of the Federal Land Policy and Management Act. 43 USC § 1701 *et seq.* The 1976 Act provided that any right-of-way existing as of the date of repeal was a valid, existing right, which was not affected by the repeal.

[3] In the context of a trial to the court, the term "directed verdict" is a misnomer. Such a motion "is more correctly labeled a motion for a judgment of dismissal" under ORCP 54 B(2). *Hunter v. Farmers Ins. Co.*, 135 Or App 125, 132 n 1, 898 P2d 201 (1995).

"(2) After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. *The court as a trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence.*" (Emphasis supplied.)

The Council on Court Procedures, Staff Comment to ORCP 54 B(2) explains:

"There is no provision in the rule for a motion to dismiss in a non-jury case at the close of all the evidence. Since the judge decides the case at that point, no such motion is necessary. A decision of the case at the close of all the evidence would have a prejudicial effect; *a judge who, for some reason, wished to grant a non-prejudicial dismissal at the close of all the evidence would either reserve ruling on a motion to dismiss at the close of the plaintiff's case, if there was such a motion,* or grant a non-prejudicial voluntary dismissal under section 54A."[4] (Emphasis supplied.)

■ On appeal, defendants assign error to the court's ORCP 54 B(2) dismissal without prejudice of plaintiff's first cause of action. They assert that that dismissal was *sua sponte*, rather than in response to their earlier "directed verdict" motion, and that, under *Mason v. Wegscheider*, 66 Or App 506, 674 P2d 84 (1984), such a *sua sponte* dismissal was erroneous. *See Mason*, 66 Or App at 507 ("ORCP 54 B(2) does not permit a trial court *sua sponte* to dismiss an action without prejudice, after both sides have presented their case.").

Plaintiff counters that the trial court's ruling was not *sua sponte*, but represented, instead, a deferred response to defendants' "directed verdict" motion. Plaintiff further argues that, in accordance with the commentary to Rule 54 B(2) set out above, a trial court can defer ruling on a motion

---

[4] *Accord* ORCP 60, which provides, in part:

"If a motion for a directed verdict is made by the party against whom the claim is asserted, the court may, at its discretion, give a judgment of dismissal without prejudice under Rule 54 rather than direct a verdict."

for an involuntary dismissal and later dismiss without prejudice.

The precise nature and content of the trial court's rulings at the end of plaintiff's case and at the close of all evidence—and the relationship between those rulings—is all-important. If, as defendants contend, the trial court did not reserve the ability to revisit the "directed verdict" motion at the close of all evidence, the Rule 54 B(2) dismissal without prejudice was, indeed, on the court's own initiative and, thus, erroneous. *Mason*. Conversely, if, as plaintiff contends, the court, in denying defendants' motion at the close of plaintiff's case, did so in interim fashion and merely deferred its ultimate ruling, the involuntary dismissal without prejudice of plaintiff's first cause of action was not erroneous. *See* Council on Court Procedures, Staff Comment to ORCP 54 B(2).

The problem is that, from the record before us, we cannot tell which of those scenarios occurred. Although defendants, as appellants, designated the transcript of the court's ruling at the close of all evidence, they did not designate the transcript of the court's initial ruling. Thus, the partial record designated is inadequate for us to determine whether the ruling to which defendants assign error was, in fact, erroneous.

3.      Defendants, as appellants, were obligated to "designate such portions of the record as necessary to demonstrate that the trial court committed error." *King City Realty v. Sunpace*, 291 Or 573, 583, 633 P2d 784 (1981); *accord Universal Ideas Corp. v. Esty*, 84 Or App 541, 544, 734 P2d 408 (1987) (declining to address assignment of error where appellant failed to designate appropriate transcript). They failed to do so.

Affirmed.