Argued and submitted July 21, 1998, reversed in part; remanded in part; otherwise affirmed February 3, 1999

Neil FRIEDMAN
and Piri Friedman,
*Respondents,*

*v.*

Brooke CHRISTY,
dba Hawk Ridge Log Homes,
*Appellant,*

*and*

Eric WERNER,
dba Hawk Ridge Log Homes,
*Defendant.*

(960201089; CA A98720)

973 P2d 378

Patricia Ferrell-French argued the cause and filed the briefs for appellant.

Charles A. Ringo argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appeals from a judgment on a trial *de novo* following mandatory court-annexed arbitration. ORS 36.400 *et seq*. She asserts, principally, that the court erred in awarding attorney fees against her, ORS 36.425(4)(b) (1995), and in failing to order the return of her $150 filing fee, ORS 36.425(2)(c) (1995), based on its determination that her "position * * * [was] not improved" after judgment on the trial *de novo*. ORS 36.425 (1995). We agree with defendant that the trial court erred when, in comparing the results of the arbitration and the trial *de novo*, it took into consideration plaintiffs' success on claims that were not presented in the arbitration but were, instead, pleaded for the first time in the trial *de novo*. Accordingly, we reverse the award of attorney fees and direct the court to order the return of defendant's $150 filing fee, but otherwise affirm.

This action arose out of a contract between plaintiffs and defendant Brooke Christy,[1] who agreed to supply plaintiffs with logs and consulting services for the construction of a log home. Defendant apparently delivered some of the logs, and plaintiffs paid defendant all or some of the contract price, but defendant failed to provide the agreed-upon consulting services. In February 1996, plaintiffs filed their original complaint, alleging claims for breach of contract and money had and received and seeking the same damages, $24,448, on each of those claims.

The case was submitted to mandatory court-annexed arbitration. ORS 36.400 *et seq*. Plaintiffs prevailed at arbitration, with the arbitrator awarding $16,000 in compensatory damages and $300 in arbitration fees. Defendant filed a written notice of appeal of the arbitration decision and award, requesting a trial *de novo*. ORS 36.425(2)(a) (1995).

After requesting the trial *de novo,* defendant filed an amended answer, alleging new affirmative defenses and counterclaims. In response, plaintiffs filed a motion to strike

---

[1] Plaintiffs filed the action against Christy and Eric Werner *dba* Hawk Ridge Log Homes. However, the trial court dismissed Werner because he could not be located and served. Accordingly, all references to "defendant" are to Christy.

the amended answer or, in the alternative, for leave to file a second amended complaint. That complaint included three new claims—negligence, "promissory estoppel" and fraud—in addition to the original claims for breach of contract and money had and received and sought increased damages of $43,962.

The circuit court judge who heard the motions denied the motion to strike the amended answer but allowed the motion to file the amended complaint, with the new claims, on the condition that

> "[s]hould a jury award be comprised of newly added damages that exceed the plaintiffs' prayer at the time of the arbitration *or be based on claims not submitted to the arbitrator,* this shall not adversely impact defendant's liability for attorney fees under ORS 36.425." (Emphasis added.)

Neither party objected to that condition.

The case proceeded to trial *de novo* before a jury. Before trial, defendant unsuccessfully sought to dismiss plaintiffs' promissory estoppel claim. Ultimately, the jury returned a special verdict that awarded plaintiffs damages of $4,300 for breach of contract, $6,000 on the promissory estoppel claim, and $10,000 for fraud. The jury also found defendant liable on money had and received but awarded no damages. Plaintiffs then filed a statement of costs and disbursements, seeking, *inter alia,* attorney fees of $4,060. Plaintiffs asserted that under ORS 36.425(4)(b) (1995), they were entitled to recover those fees because defendant had not "improved her position" after the trial *de novo* in that the total award of compensatory damages after trial ($20,300) exceeded the damages awarded at arbitration ($16,000).

Defendant responded that plaintiffs' reliance on the *total* damages recovered after the trial *de novo* was improper because the motions judge, in allowing the pretrial amendments, had explicitly provided that, to the extent plaintiffs recovered damages based on their new claims, that recovery could not "adversely impact defendant's liability for attorney fees under ORS 36.425." Instead, defendant asserted, plaintiffs' entitlement to fees must be based on an "apples to apples" comparison of the damages recovered on the two

claims—breach of contract and money had and received—that were the subject of the arbitrator's award. Thus, defendant reasoned, because plaintiffs' recovery on *those* claims following trial *de novo* was less than the arbitrator's award ($4,300 vs. $16,000), defendant had "improved" her "position," could not be liable for attorney fees, and was entitled to the return of her $150 filing fee.

The trial judge, who was not the motions judge, awarded plaintiffs their requested attorney fees and declined to order the return of defendant's filing fee. The court did not refer to the motion judge's order or otherwise explain why damages recovered on claims that were not submitted to arbitration should be considered in determining entitlement to fees under ORS 36.425 (1995).

On appeal, defendant raises four assignments of error: (1) The motions judge erred in allowing plaintiffs to amend their complaint to plead additional claims after the mandatory arbitration award and before the ensuing trial *de novo*. (2) The trial court erred in submitting plaintiff's promissory estoppel claim to the jury. (3) The trial court erred in failing to order the return of defendant's $150 filing fee where defendant, in the trial *de novo*, "improved her position" with respect to the claims—breach of contract and money had and received—that were actually arbitrated. (4) The trial court erred in awarding plaintiffs attorney fees where defendant, in the trial *de novo*, "improved her position" with respect to the claims that had been arbitrated. Plaintiffs cross-assign error, asserting that the motions judge's order, imposing the "apples to apples" fee limitation as a condition of the filing of plaintiffs' second amended complaint, was contrary to ORS 36.425(4)(b) (1995).

We begin by summarily rejecting the first two assignments of error. Defendant's failure to designate pertinent portions of the record, and particularly pertinent portions of transcripts of pretrial hearings, precludes a meaningful review and assessment of those two assignments. *See Grant County v. Arcanum Institute, Inc.*, 142 Or App 479, 483, 921 P2d 414 (1996) (record designated on appeal was inadequate to determine whether the ruling to which defendants assigned error was erroneous); *Dedman v. Albina Fuel*

*Co.,* 112 Or App 632, 633, 829 P2d 716, *rev den* 314 Or 175 (1992) (record insufficient for review).

Because the third and fourth assignments, pertaining to plaintiffs' recovery of attorney fees and the nonreturn of defendant's filing fee, both turn on the same issue—the proper construction and application of ORS 36.425 (1995)—we address them together.

ORS 36.425 (1995) provided, in part:

"(2)(c)   A party filing a written notice under paragraph (a) [a written request for trial *de novo*] * * * shall deposit with the clerk of the court the sum of $150. *If the position* under the arbitration decision and award *of the party filing the written notice is not improved as a result of a judgment in the action on the trial de novo,* the clerk shall dispose of the sum deposited in the same manner as a fee collected by the clerk. If the *position of the party is improved as a result of a judgment,* the clerk shall return the sum deposited to the party.

"* * * * *

"(4)(b)   If a party requests a trial de novo under the provisions of this section, the action is subject to arbitration under ORS 36.405(1)(a), * * * and *the position of the party is not improved after judgment on the trial de novo,* the party shall be taxed the reasonable attorney fees and costs and disbursements of the other parties to the action on the trial de novo incurred by the other parties after the filing of the decision and award of the arbitrator."[2] (Emphasis added.)

Whether plaintiffs are entitled to attorney fees depends on the meaning of the emphasized language. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993). The parties reiterate their arguments to the trial court—*i.e.,* plaintiffs argue that "position" refers to their *total*

___

[2] In 1997, the statute was amended to explicitly address the circumstances presented here:

"For the purpose of determining whether the position of a party has improved after a trial de novo under the provisions of this section, the court shall not consider any money judgment or other relief granted on claims asserted by amendments to the pleadings made after the filing of the decision and award of the arbitrator." ORS 36.425(7); Or Laws 1997, ch 756, §§ 1-2.

Defendant does not contend that that amendment, which became effective after the judgment was entered but before the court allowed fees, applies here.

recovery, and defendant asserts that that term connotes recovery only on the claims that were arbitrated.

We first consider the statutory text. In combination, the terms "position" and "improved" necessarily connote a before-and-after comparison against some baseline. Given the statute's structure, that baseline must be the arbitration award that established the parties' relative success on the claims that were submitted to arbitration. "Improvement" *vis-a-vis* that baseline is measured against the same constant—success on the claims that were arbitrated.

Plaintiffs' expansive reading of "position" as referring to total recovery, regardless of success on the arbitrated claims, cannot be squared with the statute's manifest purpose. ORS 36.425 (1995) "is part of a legislative scheme to encourage final resolution of cases through arbitration; it is plainly intended to penalize those who resort to the courts to improve their position but fail to do so." *Markus v. Clark,* 149 Or App 156, 160, 941 P2d 1086 (1997). *See generally* Christopher Simoni, *Court-Annexed Arbitration in Oregon: One Step Forward and Two Steps Back,* 22 Willamette L Rev 237, 248-49 (1986) (describing attorney fee provisions as a form of "financial disincentive" to challenging arbitration awards). Plaintiffs' interpretation would subvert that policy by punishing defendants who bring meritorious appeals of arbitration awards but incur additional liability because of newly interjected, nonarbitrated claims.

Here, defendant did, in fact, improve her position, because plaintiffs' recovery on their arbitrated claims was reduced following the trial *de novo*. Consequently, the trial court erred in awarding plaintiffs attorney fees and in failing to order the return of defendant's filing fee under ORS 36.425 (1995).

Award of attorney fees reversed; remanded to trial court to order return of defendant's $150 filing fee under ORS 36.425(2)(c) (1995); otherwise affirmed.